**[ORAL ARGUMENT SCHEDULED FOR NOVEMBER 21, 2017]**

No. 17-5171

In the U.S. Court of Appeals for the District of Columbia Circuit

ELECTRONIC PRIVACY INFORMATION CENTER,
*Plaintiff-Appellant,*

v.

PRESIDENTIAL ADVISORY COMMISSION ON ELECTION INTEGRITY,
*ET AL.*,
*Defendants-Appellees.*

APPEAL FROM U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA, No. 1:17-cv-1320-CKK (HON. COLLEEN KOLLAR-KOTELLY)

**MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF FOR *AMICUS CURIAE* EAGLE FORUM EDUCATION & LEGAL DEFENSE FUND IN SUPPORT OF APPELLEES IN SUPPORT OF AFFIRMANCE**

Lawrence J. Joseph, D.C. Bar #464777
1250 Connecticut Ave, NW, Suite 200
Washington, DC 20036
Tel: 202-355-9452
Fax: 202-318-2254
Email: ljoseph@larryjoseph.com

Counsel for Movant Eagle Forum Education & Legal Defense Fund

Pursuant to FED. R. APP. PROC. 27 and Circuit Rule 27, movant Eagle Forum Education & Legal Defense Fund ("EFELDF") requests leave to file a Notice of Supplemental Authority in support EFELDF's pending motion for leave to file an *amicus curiae* brief in support of the defendants-appellees Presidential Advisory Commission on Election Integrity *et al*. EFELDF requests leave to make this procedurally anomalous filing due to the confluence of two other unusual procedural aspects of this case: (1) rather than file an opposition to EFELDF's motion, plaintiff-appellant Electronic Privacy Information Center ("EPIC") elected to disparage EFELDF's proffered brief in a footnote to its reply brief on the merits, Reply Br. at 3, n.3; and (2) under the expedited briefing schedule, a merits panel is already assigned, which means that the panel that will decide EFELDF's unopposed[1] motion for leave to file will be the merits panel, not a separate motions panel.

While, in the normal course, a motions panel would review only EFELDF's unopposed motion and its accompanying *amicus* brief, the merits panel will have access to EPIC's disparaging footnote. That access potentially prejudices EFELDF's leave to file, without the opportunity that the rules provide to support its motion for leave to file with a reply that counters the arguments against the filing. Fed. R. App. P. 27(a)(4). EFEDLF thus respectfully requests this opportunity to respond.

---

[1]   EPIC withheld its consent to the *amicus* brief, but did not file an opposition.

1

Since EPIC's footnote rests primarily on one inapposite decision, *Eldred v. Reno*, 239 F.3d 372, 378 (D.C. Cir. 2001), EFELDF seeks this Court's leave to file the accompanying Notice of Supplemental Authority in support of EFELDF's pending motion to address *Eldred* and EPIC's indirect attack on EFELDF's pending motion. Although EFELDF does not seek to supplement the merits briefing, this Court has the power to allow an *amicus* to supplement the merits briefing with either a reply, FED. R. APP. P. 27(a), 29(a)(7), or a notice of supplemental authority, FED. R. APP. P. 27(a), 28(j). so the Court clearly has the power to allow a Notice of Supplemental Authority in support of a motion for leave to file to cure the non-moving party's collateral attack on the proffered filing. Alternatively, this Court could grant leave to file the accompanying document pursuant to FED. R. APP. P. 27(a), 28(j), thus allowing both parties the opportunity to respond under Rule 28(j).[2]

EFELDF does not seek to supplant the parties here by inserting itself further than its station as a would-be *amicus*. While it does not seek *more* than the rules allow, EFELDF nonetheless seeks to counter EPIC's gambit to provide EFELDF *less* than the rules provide. In lieu of this filing, EFELDF offered EPIC the

---

[2] Although EFELDF's primary form of requested relief – namely, a notice of supplemental authority in support *of a motion* – has no procedural requirements, per se, in the rules, EFELDF has styled its notice in the format of Rule 28(j) (*i.e.*, a 3509-word letter). Because EFELDF's *amicus* brief had 5,695 words, the addition of these 350 words would not put EFELDF over the 6,500 words allotted to *amicus* briefs.

2

opportunity to announce EPIC's belated consent to EFELDF's *amicus* brief, but EPIC declined. By contrasting the situation here with the one in *Eldred*, movant EFELDF respectfully submits that the accompanying notice will aid the Court's consideration of either – or both – the pending motion or the underlying appeal.

WHEREFORE, for the foregoing reasons, movant Eagle Forum Education & Legal Defense Fund respectfully requests leave to file the accompanying Notice of Supplemental Authority in support of EFELDF's motion for leave to file an *amicus curiae* brief in support of the defendants-appellees.

Dated: October 4, 2017               Respectfully submitted,

                                      /s/ Lawrence J. Joseph
                                     _____
                                     Lawrence J. Joseph, D.C. Bar #464777

                                     1250 Connecticut Avenue, NW
                                        Suite 200
                                     Washington, DC 20036
                                     Tel: (202) 355-9452
                                     Fax: (202) 318-2254
                                     Email: ljoseph@larryjoseph.com

                                     *Counsel for Movant Eagle Forum Education*
                                     *& Legal Defense Fund*

3

LAWRENCE J. JOSEPH, ESQ.
1250 Connecticut Ave. NW, Suite 200 - Washington, DC 20036
Tel: 202-355-9452 - Fax: 202-318-2254

## ORAL ARGUMENT SCHEDULED FOR NOVEMBER 21, 2017

October 4, 2017

*Via Electronic Case Filing System*

Mr. Mark J. Langer
Clerk of the Court
U.S. Court of Appeals, D.C. Circuit
333 Constitution Avenue, NW
Washington, D.C. 20001

Re:  *Electronic Privacy Info. Ctr. v. Presidential Advisory Comm'n on Election Integrity,* **No. 17-5171 (D.C. Cir.)**

**Notice of Supplemental Authority Regarding** *Eldred v. Reno*, **239 F.3d 372, 378 (D.C. Cir. 2001)**

Dear Mr. Langer:

Rather than oppose the Eagle Forum Education & Legal Defense Fund ("EFELDF") motion for leave to file an *amicus curiae* brief, plaintiff-appellant Electronic Privacy Information Center ("EPIC") uses its merits reply brief (at 3, n.3) to disparage the *amicus* brief under *Eldred v. Reno*, 239 F.3d 372, 378 (D.C. Cir. 2001). *Eldred* is inapposite.

First, EFELDF's supported parties never "themselves took the position … *diametrically opposed* to that of the amicus." *Eldred v. Ashcroft*, 255 F.3d 849, 850-51 (D.C. Cir. 2001) (emphasis added). Instead, EFELDF's positions supplement appellees' positions.

Second, with the exception of Article III jurisdiction – discussed next – any distinctions between EFELDF's and appellees' positions are *statutory* issues, not *constitutional* ones subject to the "rule of avoidance" at issue in *Eldred*. *Id.* at 851.

Third, the hesitation to consider arguments raised solely by an *amicus* does not apply to jurisdictional arguments, *Kamen v. Kemper Fin. Servs.*, 500 U.S. 90, 97 n.4 (1991), such as the ones that EFELDF raises regarding EPIC's standing.

Fourth, where EFELDF's brief argues matters not argued by appellees, those matters nonetheless fall within the overall *issues* raised by appellees. *See Eldred*,

Mr. Mark J. Langer
Clerk of the Court
October 4, 2017
Page 2

255 F.3d at 852-53 (distinguishing between issues and arguments) (Sentelle, J., dissenting from denial of rehearing *en banc*). Because EFELDF stays within appellees' issues – albeit with different arguments – appellees could raise the EFELDF arguments on appeal, *Yee v. Escondido*, 503 U.S. 519, 534-35 (1992), so it would be passing strange if this Court cannot consider them here.

      Fifth, even *amicus*-raised issues that the Court does *not consider* are valuable for highlighting issues the Court can disavow, thus making clear what *not to decide*. *See*, *e.g.*, *U.S. v. Hunter*, 786 F.3d 1006, 1008 (D.C. Cir. 2015) ("[w]e therefore leave for another day the challenging questions raised by Amicus"); *Am. Farm Bureau Fed'n v. EPA*, 559 F.3d 512, 519 (D.C. Cir. 2009).

      Accepting EPIC's view – namely, that *amici* can argue neither what parties already argue nor what they omit – would collapse *amicus* practice to the apocryphal small town with the sign saying "Entering Amicus Practice" on both sides of the sign (*i.e.*, no town exists).

                                  Respectfully submitted,

                                    /s/ Lawrence J. Joseph

                                  Lawrence J. Joseph

                                  *Counsel for Movant Eagle Forum Education & Legal Defense Fund*

cc:    Counsel of Record (Certificate of Service attached)

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of October, 2017, I electronically filed the foregoing motion for leave to file – in conjunction with the accompanying notice of supplemental authority – with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit using the appellate CM/ECF system, causing the service on counsel for the parties to this action via electronic means.

/s/ Lawrence J. Joseph
Lawrence J. Joseph, D.C. Bar #464777
1250 Connecticut Ave, NW, Suite 200
Washington, DC 20036
Tel: 202-355-9452
Fax: 202-318-2254
Email: ljoseph@larryjoseph.com

*Counsel for Movant Curiae Eagle Forum Education & Legal Defense Fund*