# LAWRENCE J. JOSEPH, ESQ.

1250 Connecticut Ave. NW, Suite 200 - Washington, DC 20036
Tel: 202-355-9452 - Fax: 202-318-2254

## ORAL ARGUMENT SCHEDULED FOR NOVEMBER 21, 2017

October 4, 2017

*Via Electronic Case Filing System*

Mr. Mark J. Langer
Clerk of the Court
U.S. Court of Appeals, D.C. Circuit
333 Constitution Avenue, NW
Washington, D.C. 20001

Re:   *Electronic Privacy Info. Ctr. v. Presidential Advisory Comm'n on Election Integrity,* No. 17-5171 (D.C. Cir.)

**Notice of Supplemental Authority Regarding** *Eldred v. Reno*, 239 F.3d 372, 378 (D.C. Cir. 2001)

Dear Mr. Langer:

Rather than oppose the Eagle Forum Education & Legal Defense Fund ("EFELDF") motion for leave to file an *amicus curiae* brief, plaintiff-appellant Electronic Privacy Information Center ("EPIC") uses its merits reply brief (at 3, n.3) to disparage the *amicus* brief under *Eldred v. Reno*, 239 F.3d 372, 378 (D.C. Cir. 2001). *Eldred* is inapposite.

First, EFELDF's supported parties never "themselves took the position … *diametrically opposed* to that of the amicus." *Eldred v. Ashcroft*, 255 F.3d 849, 850-51 (D.C. Cir. 2001) (emphasis added). Instead, EFELDF's positions supplement appellees' positions.

Second, with the exception of Article III jurisdiction – discussed next – any distinctions between EFELDF's and appellees' positions are *statutory* issues, not *constitutional* ones subject to the "rule of avoidance" at issue in *Eldred*. *Id.* at 851.

Third, the hesitation to consider arguments raised solely by an *amicus* does not apply to jurisdictional arguments, *Kamen v. Kemper Fin. Servs.*, 500 U.S. 90, 97 n.4 (1991), such as the ones that EFELDF raises regarding EPIC's standing.

Fourth, where EFELDF's brief argues matters not argued by appellees, those matters nonetheless fall within the overall *issues* raised by appellees. *See Eldred*,

Mr. Mark J. Langer
Clerk of the Court
October 4, 2017
Page 2

255 F.3d at 852-53 (distinguishing between issues and arguments) (Sentelle, J., dissenting from denial of rehearing *en banc*). Because EFELDF stays within appellees' issues – albeit with different arguments – appellees could raise the EFELDF arguments on appeal, *Yee v. Escondido*, 503 U.S. 519, 534-35 (1992), so it would be passing strange if this Court cannot consider them here.

     Fifth, even *amicus*-raised issues that the Court does *not consider* are valuable for highlighting issues the Court can disavow, thus making clear what *not to decide*. *See*, *e.g.*, *U.S. v. Hunter*, 786 F.3d 1006, 1008 (D.C. Cir. 2015) ("[w]e therefore leave for another day the challenging questions raised by Amicus"); *Am. Farm Bureau Fed'n v. EPA*, 559 F.3d 512, 519 (D.C. Cir. 2009).

     Accepting EPIC's view – namely, that *amici* can argue neither what parties already argue nor what they omit – would collapse *amicus* practice to the apocryphal small town with the sign saying "Entering Amicus Practice" on both sides of the sign (*i.e.*, no town exists).

                                        Respectfully submitted,

                                          /s/ Lawrence J. Joseph

                                        Lawrence J. Joseph

                                        *Counsel for Movant Eagle Forum Education & Legal Defense Fund*

cc:    Counsel of Record (Certificate of Service attached)

# CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of October, 2017, I electronically filed the foregoing motion for leave to file – in conjunction with the accompanying notice of supplemental authority – with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit using the appellate CM/ECF system, causing the service on counsel for the parties to this action via electronic means.

/s/ Lawrence J. Joseph

Lawrence J. Joseph, D.C. Bar #464777
1250 Connecticut Ave, NW, Suite 200
Washington, DC 20036
Tel: 202-355-9452
Fax: 202-318-2254
Email: ljoseph@larryjoseph.com

*Counsel for Movant Curiae Eagle Forum Education & Legal Defense Fund*